CARLIE CHRISTENSEN, Acting United States Attorney (No. 633)
MATTHEW L. BELL, Assistant United States Attorney (No. 9840)
Attorneys for the United States of America
20 North Main Street, Suite 208
St. George, Utah  84770
Telephone:  (435) 634-4270

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:14-CR-00013-TS |
| Plaintiff, | : | UNITED STATES' RESPONSE TO DEFENDANT'S MEMORANDUM IN |
| v. | : | SUPPORT OF MOTION TO SUPPRESS |
| | : | |
| JAMES DOUGLAS HAYES, | | Magistrate Judge Robert T. Braithwaite |
| | : | |
| Defendant. | | |

---

The United States of America, through the undersigned Assistant United States Attorney, responds to defendant's "Memorandum in Support of Motion to Suppress."

On September 15, 2014, defendant James Douglas Hayes filed a memorandum in support of his motion to suppress in which he raises four claims.  The first two claims center on the initial traffic stop and associated detention of Mr. Hayes; the latter two claims challenge the search of a travel trailer.  The United States concedes that Mr. Hayes has standing to challenge his stop and detention (the first two claims).  However, because the travel trailer was stolen, the

United States asserts that Mr. Hayes lacks standing as to that search (the third and fourth claims). Although, on the night of arrest, Mr. Hayes claimed ownership of the travel trailer, investigators subsequently determined that the license plate and VIN number were unlawfully affixed. Officers verified that the trailer was stolen in California and, on August 20, 2014, a grand jury returned a superseding indictment charging Mr. Hayes with possession and transportation of the stolen trailer—in addition to the previously charged drug trafficking counts.[1]

While Mr. Hayes possessed the travel trailer on the night of his arrest, "[m]ere physical possession or control of property is not sufficient to establish standing to object to a search of that property." United States v. Conway, 72 F.3d 975, 979 (10th Cir. 1995). "When a defendant moves to suppress evidence obtained as a result of an allegedly unconstitutional search, he has the burden of demonstrating a subjective expectation of privacy that society is prepared to recognize as reasonable." United States v. Nicholson, 144 F.3d 632, 636 (10th Cir. 1998). "Fourth Amendment rights are personal and defendant cannot claim a violation based on the introduction of evidence obtained through an illegal search and seizure of a third person's property." United States v. Abreu, 935 F.2d 1130, 1132 (10th Cir. 1991)(citing Rakas v. Illinois, 439 U.S. 128, 133-34 (1978)).

Under controlling case law, then, Mr. Hayes must carry his burden of establishing a reasonable expectation of privacy in the trailer by introducing evidence of ownership or lawful possession. United States v. Betancur, 24 F.3d 73, 77 (10th Cir. 1994); see also Abreu, 935 F.2d

---

[1] The United States has provided Mr. Hayes with discovery regarding the stolen trailer.

1130 (10th Cir. 1991)(no expectation of privacy in trailer where defendant did not own trailer, no evidence that the owner authorized its use, and no evidence establishing defendant had an ownership, employment, or agency relationship with anyone with an interest in the trailer). Absent such evidence, Mr. Hayes lacks legal standing to object to the search of the stolen trailer.

The United States therefore respectfully requests that—unless and until Mr. Hayes carries his burden of standing to challenge the search of the travel trailer—this Court limit the evidentiary hearing currently scheduled for November 17, 2014, to the defendant's first two claims regarding the traffic stop and associated detention.

DATED this 15th day of October, 2014.

                                        CARLIE CHRISTENSEN
                                      Acting United States Attorney


                                      */s/ Matthew L. Bell*
                                      MATTHEW L. BELL
                                      Assistant United States Attorney