CARLIE CHRISTENSEN, Acting United States Attorney (No. 633)
MATTHEW L. BELL, Assistant United States Attorney (No. 9840)
Attorneys for the United States of America
20 North Main Street, Suite 208
St. George, Utah  84770
Telephone:  (435) 634-4270
_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:14-CR-00013-TS |
| Plaintiff, | : | UNITED STATES' RESPONSE TO DEFENDANT'S MEMORANDUM |
| v. | : | IN SUPPORT OF MOTION TO SUPPRESS |
| | : | |
| JAMES DOUGLAS HAYES, | : | Magistrate Judge Robert T. Braithwaite |
| Defendant. | | |

_____

The United States of America, through the undersigned Assistant United States Attorney, responds to defendant's "Memorandum in Support of Motion to Suppress," filed on December 29, 2014.

## BACKGROUND

On December 19, 2013, St. George Police Department dispatched officers to a counterfeit currency complaint at a local truck stop.  Officers made contact with a group of six persons, including defendant James Douglas Hayes, who were traveling together in two pickup trucks. Hayes was driving a Ford truck registered to him and towing a travel trailer.  During the

investigation, officers discovered counterfeit currency and a small quantity of methamphetamine before obtaining a search warrant for the travel trailer. The search of the travel trailer revealed items associated with the manufacture of counterfeit currency as well as a stolen handgun and more than two pounds of methamphetamine.

On January 8, 2014, a federal grand jury returned an indictment against Hayes, Monty Darrin Simpson, and Can Whaley. In July 2014, co-defendants Simpson and Whaley entered into plea agreements with the United States. On August 20, 2014, a federal grand jury returned a superseding indictment against Hayes charging Possession of Methamphetamine with Intent to Distribute, Conspiracy to Distribute Methamphetamine, Possession of Stolen Goods, and Transportation of Stolen Goods. On August 21, 2014, the United States filed an Information pursuant to 21 U.S.C. § 851(a)(1) giving notice that Hayes may be subject to enhanced statutory penalties based on his criminal history.

On September 15, 2014, defendant Hayes filed a memorandum in support of his motion to suppress in which he raised four claims. The United States responded that Mr. Hayes lacks standing as to the third and fourth claims, which challenge the search of a travel trailer. [1]

On November 17, 2014, the defendant requested an opportunity to brief the issue of standing prior to proceeding with an evidentiary hearing on defendant's motion to suppress. While in open court, the parties stipulated to the following five facts (solely for the purpose of briefing the standing issue):

---

1 The first two claims center on the initial stop and the continued detention of Mr. Hayes. The United States has conceded Hayes has standing to challenge his stop and detention.

1. Mr. Hayes owned the pickup truck he was driving when first detained by police.

2. Mr. Hayes claimed ownership of the travel trailer being towed by his pickup truck.

3. Mr. Hayes did not consent to a search of the travel trailer, but officers applied for and obtained a search warrant for the travel trailer.

4. Following execution of the search warrant, investigators learned the license plate on the travel trailer belonged to Mr. Hayes but was assigned to a different type of trailer.

5. Further investigation confirmed that the travel trailer was stolen and did not belong to Mr. Hayes.

## ARGUMENT

### A. When challenging the lawfulness of a search, the defendant has the burden of establishing a violation of his own Fourth Amendment rights.

"When a defendant moves to suppress evidence obtained as a result of an allegedly unconstitutional search, he has the burden of demonstrating a subjective expectation of privacy that society is prepared to recognize as reasonable." United States v. Nicholson, 144 F.3d 632, 636 (10th Cir. 1998). "Fourth Amendment rights are personal and defendant cannot claim a violation based on the introduction of evidence obtained through an illegal search and seizure of a third person's property." United States v. Abreu, 935 F.2d 1130, 1132 (10th Cir. 1991)(citing Rakas v. Illinois, 439 U.S. 128, 133-34 (1978)). "Defendant has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search and seizure." Id. (emphasis added).

In United States v. Kopp, the Tenth Circuit explained the two-pronged inquiry: "To persuade us that his Fourth Amendment rights have been violated, Defendant must demonstrate, first, that he has manifested a subjective expectation of privacy in the area searched, and second, that his expectation is one that society would recognize as objectively reasonable."  45 F.3d 1450, 1452 (10th Cir. 1995)(citing Betancur, 24 F.3d at 76).  And, as noted by Mr. Hayes, the "capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection has a legitimate expectation of privacy in the invaded place."  Rakas, 439 U.S. at 143 (emphasis added).

### B. **Mr. Hayes cannot carry his burden of establishing standing as to the travel trailer.**

Mr. Hayes relies on essentially three points to support his assertion of standing as to the stolen travel trailer: possession, physical linkage to his truck, and the display of a license plate belonging to Mr. Hayes.  Such reliance, however, is misplaced.  Even when considered in their totality, these three points fail to establish that the defendant had a legitimate expectation of privacy in the stolen travel trailer.

#### 1. **Unlawful possession does not provide standing.**

Although Mr. Hayes possessed the stolen trailer on the night of his arrest, "[m]ere physical possession or control of property is not sufficient to establish standing to object to a search of that property."  United States v. Conway, 72 F.3d 975, 979 (10th Cir. 1995).  Absent

4

evidence of ownership or lawful possession, a defendant lacks standing to challenge the search of a vehicle.  United States v. Betancur, 24 F.3d 73, 77 (10th Cir. 1994)(holding no standing as to pickup truck absent evidence of ownership or lawful possession); see also United States v. Arango, 912 F.2d 441 (10th Cir. 1990)(same); United States v. Erwin, 875 F.2d 268 (10th Cir. 1989)(same).

### 2. Despite physical linkage between them, the truck and travel trailer must be analyzed separately for purposes of standing.

Although Mr. Hayes owned the truck used to tow the trailer, his Fourth Amendment rights as to the truck do not extend to the stolen travel trailer.  The Tenth Circuit's opinion in United States v. Abreu is instructive.  There, the defendant moved to suppress evidence obtained from a trailer that was being towed by a semi-tractor titled to the defendant.  Officers inspecting the tractor-trailer rig at the Colorado Port-of-Entry discovered certain paperwork that appeared altered and found a registration card listing the trailer's license plate as belonging to another trailer owned by a fictitious company.  Having reviewed the evidence, "the district court found that defendant had no right, title, or interest in the trailer."  Abreu, 935 F.2d at 1132.

In affirming the denial of Abreu's motion to suppress, the Tenth Circuit noted the attachment of the trailer to defendant's semi-tractor was of limited significance: "We are not persuaded that we must analyze the tractor-trailer rig as one unit for Fourth Amendment purposes because of their physical linkage and alleged functional inseparability.  Although the linkage is one factor tending to support a legitimate expectation of privacy, it is insufficient when

we examine, as we must, all the facts and circumstances in this case." Id. at 1133.  The Court found no reasonable expectation of privacy in the trailer because: 1) the trailer was titled to a third party; 2) defendant had no evidence showing his possession of the trailer was authorized by its owner or by an agency relationship with the owner; and, 3) defendant offered no evidence showing otherwise lawful possession of the trailer.  Id.

Like the defendant in Abreu, Mr. Hayes used a vehicle he owned to tow a trailer he did not own.  Indeed, the parties have stipulated that the travel trailer was stolen.  Mr. Hayes was therefore in possession of a trailer titled to a third party that did not give permission for Mr. Hayes to take it.  Mr. Hayes has not—and cannot—offer evidence that his possession of the stolen travel trailer was lawful, and, like Mr. Abreu, lacks standing to challenge its search.

### 3. The mere "appearance" of lawful possession does not legitimize one's expectation of privacy in the unlawfully possessed property of another.

Mr. Hayes asserts that he "had a legitimate expectation of privacy over the trailer, given that the license plate on that trailer conformed to a similar trailer owned by Hayes." (Def. Mem. at 2.)  Mr. Hayes offers no authority for this assertion, and he acknowledges that he merely "appeared to legally possess the trailer with the license plate to his own trailer on it." (Id. at 3 (emphasis added)).  In other words, Mr. Hayes suggests that concealing possession of a stolen

trailer by use of a false license plate gives rise to standing based on an "appearance" of lawful possession. [2]

Such a proposition is hardly "legitimate" and is undoubtedly not an expectation society is prepared to recognize as objectively reasonable—regardless of whether Mr. Hayes subjectively believed it. See Kopp, 45 F.3d at 1452 (defendant's subjective expectation of privacy irrelevant if the expectation "is not one that society would recognize as objectively reasonable"). There is no evidence before the Court whatsoever that the defendant lawfully possessed the stolen trailer, and pretended legitimacy undermines his claim of standing. Indeed, committing a second crime to hide a first crime demonstrates that Mr. Hayes himself did not have a genuine subjective expectation of privacy in the stolen trailer.

## CONCLUSION

To carry his burden of demonstrating standing, Mr. Hayes must demonstrate both that he had a subjective expectation of privacy in travel trailer and that his expectation is one society would view as objectively reasonable. He fails to satisfy either prong of the inquiry, and controlling case law makes clear that a defendant has no standing in a vehicle he unlawfully possesses. The United States therefore respectfully requests that this Court find Mr. Hayes lacks

---

[2] Even United States v. Kopp, cited by the defendant, supports the government's position. In Kopp, the Tenth Circuit held that the defendant lacked standing to contest the search of a U-Haul trailer he was towing because he did not own, rent, or control access to it. This was true despite the fact that the renter of the U-Haul trailer was a passenger in Kopp's vehicle at the time and had the keys to the trailer in his possession.

standing to challenge the search of the travel trailer and limit the requested evidentiary hearing to the defendant's first two claims regarding the traffic stop and his associated detention.

DATED this 26th day of January, 2015.

                                                  CARLIE CHRISTENSEN
                                                  Acting United States Attorney

                                                  */s/ Matthew L. Bell*
                                                  MATTHEW L. BELL
                                                  Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office and that the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS** was filed via the ECF system this 26th day of January 2015, which provided electronic notice to the following:

Ronald J. Yengich
Attorney for Mr. Hayes
Email: ronaldy333@aol.com

                                                    */s/ Laurie Richardson*

                                                LAURIE RICHARDSON
                                                Legal Assistant