FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

FEB - 9 2015

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:14-CR-00013-TS |
| Plaintiff, | : | REPORT AND RECOMMENDATIONS ON THE ISSUE OF STANDING |
| v. | : | |
| | : | |
| JAMES DOUGLAS HAYES, | : | Magistrate Judge Robert T. Braithwaite |
| Defendant. | | |

Before the Court is a Motion to Suppress Evidence submitted by defendant James Douglas Hayes.  (Docket Entry Nos. 85 & 86)  In support of his motion, defendant Hayes raises four claims: 1) Officers lacked reasonable suspicion to stop the defendant's vehicle; 2) Even if the stop were justified, officers exceeded the scope of the stop by the continued detention of the defendant; 3) the affidavit in support of a search warrant for defendant's travel trailer failed to establish necessary probable cause; and 4) the good faith exception under *United States v. Leon*, 486 U.S. 897 (1984), cannot save the deficient search warrant affidavit in this case.

After thorough review and consideration of the stipulated facts and the parties' pleadings, the Court recommends that defendant's Motion to Suppress Evidence be **DENIED IN PART** as to claims three and four for lack of standing. The Court further finds that an evidentiary hearing is necessary to determine defendant's first two claims (for which the United States has conceded standing but the Court has not yet received evidence). Should the Court later determine that defendant's motion should be granted as to either of defendant's first two claims, the Court will be required to consider whether evidence from the travel trailer should also be suppressed as fruits of an illegal stop or detention.

## BACKGROUND

Defendant requested an evidentiary hearing on all claims raised in support of his motion to suppress. Prior to the requested evidentiary hearing, the United States filed a response conceding standing as to defendant's first two claims but challenging defendant's standing with regard to the search of the travel trailer—claims three and four. (Dkt. No. 97)

On November 17, 2014, the parties appeared before the Court and, before proceeding with the evidentiary hearing, requested an opportunity to brief only the issue

2

of standing as to the travel trailer. In open court, the parties stipulated to the following facts for purposes of the standing determination:

1. Mr. Hayes owned the pickup truck he was driving when first detained by police.

2. Mr. Hayes claimed to own the travel trailer being towed by his pickup truck.

3. Mr. Hayes did not consent to a search of the travel trailer, but officers applied for and obtained a search warrant for the travel trailer.

4. Investigators later learned the license plate on the travel trailer belonged to Mr. Hayes but was issued to a different type of trailer.

5. Further investigation confirmed that the travel trailer was stolen.

## ANALYSIS

When moving to suppress evidence from an allegedly unlawful search, a defendant "has the burden of demonstrating a subjective expectation of privacy that society is prepared to recognize as reasonable." *United States v. Nicholson*, 144 F.3d 632, 636 (10th Cir. 1998). "Fourth Amendment rights are personal and defendant cannot claim a violation based on the introduction of evidence obtained through an illegal search and seizure of a third person's property." *United States v. Abreu*, 935 F.2d 1130, 1132 (10th Cir. 1991)(citing *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978)). "Defendant has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search and seizure." *Id.*

Fourth Amendment protections turn "not upon a property right in the invaded place but upon whether the person who claims the protection has a legitimate expectation of privacy in the

3

invaded place." *Rakas*, 439 U.S. at 143. Though it is uncontested that Mr. Hayes possessed the travel trailer on the night of his arrest, "[m]ere physical possession or control of property is not sufficient to establish standing to object to a search of that property." *United States v. Conway*, 72 F.3d 975, 979 (10th Cir. 1995). Possession of property must be lawful to give rise to a legitimate expectation of privacy. *See United States v. Betancur*, 24 F.3d 73, 77 (10th Cir. 1994)(no standing as to pickup truck absent evidence of ownership or lawful possession); *see also United States v. Arango*, 912 F.2d 441 (10th Cir. 1990)(same).

The Tenth Circuit employs a two-pronged inquiry to determine issues of standing: "To persuade us that his Fourth Amendment rights have been violated, Defendant must demonstrate, first, that he has manifested a subjective expectation of privacy in the area searched, and second, that his expectation is one that society would recognize as objectively reasonable." *United States v. Kopp*, 45 F.3d 1450, 1452 (10th Cir. 1995)(citing *Betancur*, 24 F.3d at 76).

### *First: Subjective Expectation of Privacy*

The Court first looks to whether the defendant has demonstrated a subjective expectation of privacy in the area searched. As the parties have stipulated, Mr. Hayes claimed ownership of the travel trailer and refused consent to its search. In his memorandum, Mr. Hayes argues that he "had a legitimate expectation of privacy over the trailer, given that the license plate on that trailer conformed to a similar trailer owned by Hayes." (Def. Mem. at 2.) The Court is unpersuaded. It is uncontested that the travel trailer was stolen. As the United States notes, taking steps to create

the appearance of legitimate possession of an admittedly stolen trailer undermines defendant's claim to a *subjective* expectation of privacy in the trailer. And, even if this Court were to find Mr. Hayes had a genuine, subjective expectation of privacy in the trailer, his claim of standing fails under the second prong of the Court's inquiry.

### *Second: Objective Reasonableness of Defendant's Expectation of Privacy*

Mr. Hayes argues that "linkage from truck to trailer and all its contents, manifested not a subjective, but an objective expectation of privacy in not only the truck, but the trailer and all of its contents." (Def. Mem. at 2.)

In *United States v. Abreu*, the Tenth Circuit held that the defendant lacked standing to challenge the search of a trailer under facts comparable to those in the instant case. Defendant Abreu moved to suppress evidence obtained from a trailer during an inspection at a Port-of-Entry near the Utah-Colorado border. Though the semi-tractor was titled to Abreu, officers found a registration card listing the trailer's license plate as belonging to another trailer owned by an apparently fictitious company. The district court found Abreu "had no right, title, or interest in the trailer." *Abreu*, 935 F.2d at 1132.

The Tenth Circuit rejected Abreu's claim that ownership of semi-tractor required a Fourth Amendment analysis of the tractor-trailer rig as one motor vehicle unit: "We are not persuaded that we must analyze the tractor-trailer rig as one unit for Fourth Amendment purposes because of their physical linkage and alleged functional inseparability. Although the linkage is one factor

5

tending to support a legitimate expectation of privacy, it is insufficient when we examine, as we must, all the facts and circumstances in this case." *Id.* at 1133.

Examining the "important considerations [of] ownership, lawful possession, [and] lawful control of the place searched," the Tenth Circuit concluded the defendant had no reasonable expectation of privacy in the trailer. *Id.* Mr. Abreu did not own the trailer, conceded there was no evidence showing his possession of the trailer was authorized by its owner, and offered no evidence showing his possession of the trailer was otherwise lawful. *Id.*

As in *Abreau*, the important considerations here require the Court to conclude the defendant had no reasonable expectation of privacy in the travel trailer. Mr. Hayes possessed the trailer, owned the truck used to tow the trailer, and had a license plate affixed to the trailer that belonged on a different trailer owned by Mr. Hayes. Yet Mr. Hayes offers no evidence of ownership, lawful possession, or lawful control of the travel trailer. Indeed, the parties have stipulated that the trailer was stolen.

The mere *appearance* of legitimacy is insufficient to give rise to standing, as the expectation of privacy claimed must be "one that society would recognize as objectively reasonable." *United States v. Kopp*, 45 F.3d 1450 (10th Cir. 1995)(citing *Betancur*, 24 F.3d at 76). To adopt the defendant's view would be to afford greater Fourth Amendment protections to those who obscure the nature of stolen motor vehicles than those who do not. Such an approach would hardly be seen as objectively reasonable in a society that has criminalized theft and possession of stolen property.

6

## **FINDINGS AND RECOMMENDATIONS**

Based on the foregoing analysis, **THE COURT FINDS** that defendant Hayes has failed to carry his burden of demonstrating that the allegedly unlawful search of the stolen travel trailer violated *his own* Fourth Amendment rights. At the time of the search, Mr. Hayes did not own the stolen trailer, and there is no evidence before the Court that Mr. Hayes lawfully possessed it. Even if the Court were to find Mr. Hayes had a subjective expectation of privacy in the stolen trailer, such an expectation is neither legitimate nor objectively reasonable. The defendant therefore lacks standing as to the travel trailer.

Accordingly, **IT IS HEREBY RECOMMENDED** that defendant's motion to suppress(Docket Entry Nos. 85 & 86), be **DENIED IN PART**, as to the third and fourth claims only, for lack of standing. The Court **FURTHER RECOMMENDS** an evidentiary hearing be held to consider the validity of the initial stop of Mr. Hayes and his continued detention—his first and second claims. If, following an evidentiary hearing, the Court determines that Mr. Hayes was unlawfully stopped or detained, the Court will further determine whether evidence obtained from the stolen travel trailer should be suppressed as fruits of an unlawful stop or detention. Only then can the Court make a final recommendation as to all four of defendant's claims in his Motion to Suppress Evidence.

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby noticed of their right to object to the same. The parties are further notified that they

7

must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. Section 636(b), within fourteen (14) days after receiving it. Failure to file objections to both factual and legal findings may constitute a waiver of those objections on subsequent appellate review.

DATED this 9th day of February, 2015.

ROBERT T. BRAITHWAITE
United States Magistrate Judge