IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DOUGLAS HAYES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT BASED ON SPEEDY TRIAL ACT VIOLATION<br><br>Case No. 2:14-CR-13 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant James Douglas Hayes' Motion to Dismiss Indictment Based on Speedy Trial Act Violation. For the reasons discussed below, the Court will grant Defendant's Motion and will dismiss the Indictment and Superseding Indictment without prejudice.

I. BACKGROUND

On January 8, 2014, Defendant, along with his two co-defendants, was charged in an Indictment with possession of methamphetamine with intent to distribute and conspiracy to distribute methamphetamine.[1] Defendant appeared before the Magistrate Judge on January 13, 2014, for an initial appearance, where a trial date was set for March 10, 2014.[2]

---

[1] Docket No. 1. The co-defendants have pleaded guilty and are currently awaiting sentencing.

[2] Docket No. 6.

On February 3, 2014, Defendant filed a motion to continue the trial date.[3] The Court granted the motion, continued the trial date to May 19, 2014, and excluded time under the Speedy Trial Act.[4]

On March 11, 2014, Defendant filed a motion to strike the trial date and requested the matter be set for a change of plea hearing.[5] The Court granted the motion and set a change of plea hearing for July 7, 2014.[6] The Court also excluded time under the Speedy Trial Act.[7]

The change of plea date was stricken after Defendant was relocated from southern Utah. A status conference was set for August 4, 2014, but was later continued to August 26, 2014.[8] Prior to the status conference, a Superseding Indictment was filed.[9]

On August 26, 2014, Defendant appeared for his initial appearance on the Superseding Indictment.[10] The audio recording of that hearing reveals that both parties agreed that the Speedy Trial clock started anew as of that date.[11] However, no findings were made and no time was excluded under the Speedy Trial Act at that hearing. The Magistrate Judge set the matter for trial to begin on November 3, 2014.

---

[3] Docket No. 32.
[4] Docket No. 33.
[5] Docket No. 41.
[6] Docket No. 42.
[7] *Id.*
[8] Docket Nos. 66–68.
[9] Docket No. 73.
[10] Docket No. 78.
[11] The discussion of the Speedy Trial Act begins at approximately 2:34 p.m.

On September 15, 2014, Defendant filed a motion to suppress.[12] The government filed its response on October 15, 2014, arguing that Defendant lacked standing to assert two of the claims made in his motion.[13] The Magistrate Judge held a hearing on the motion on November 17, 2014. At the conclusion of the hearing, the Magistrate Judge ordered briefing on the issue of standing.[14] Defendant filed his brief on December 29, 2014, and the government responded on January 26, 2015.[15]

The Magistrate Judge issued his report and recommendation on February 9, 2015, recommending the Court deny two of Defendant's claims for lack of standing.[16] Neither party objected to the report and recommendation, and it was adopted by this Court on February 24, 2015.[17] The Court excluded the time from the filing of the motion to suppress through the date of the order from computation under the Speedy Trial Act.[18] That same day, Defendant's former counsel was permitted to withdraw.[19]

The Magistrate Judge appointed Defendant new counsel on March 2, 2015.[20] Counsel requested a status conference and further requested time be excluded under the Speedy Trial

---

[12] Docket No. 85.
[13] Docket No. 97.
[14] Docket No. 103.
[15] Docket Nos. 104–105.
[16] Docket No. 106.
[17] Docket No. 110.
[18] *Id.*
[19] Docket No. 111.
[20] Docket No. 114.

Act.[21] At a status conference held on April 6, 2015, the Magistrate Judge set an evidentiary hearing on the remainder of Defendant's motion to suppress.[22]

The Magistrate Judge held the evidentiary hearing on May 18, 2015.[23] The Magistrate Judge ordered Defendant to submit a brief within forty-five days after receipt of the transcript from the hearing.[24] The government was then provided forty-five days to respond.[25]

The transcript from the hearing was completed on June 3, 2015.[26] On July 22, 2015—forty-nine days after the transcript had been completed—Defendant filed a stipulated motion to continue the briefing deadlines.[27] Defendant sought a continuance to August 28, 2015.[28] The docket does not indicate that this motion was ever ruled on. However, Defendant did not file his brief by August 28.

A second motion to continue the briefing deadlines was filed on October 21, 2015.[29] The Magistrate Judge granted this motion and gave Defendant until December 1, 2015, to file his brief.[30] Defendant did not file his brief by December 1, 2015. Instead, Defendant filed his brief on December 14, 2015,[31] doing so after the Court set this matter for a status conference.[32] The

---

[21] *Id.*
[22] Docket No. 116.
[23] Docket No. 123.
[24] *Id.*
[25] *Id.*
[26] Docket No. 124.
[27] Docket No. 126.
[28] *Id.*
[29] Docket No. 133.
[30] Docket No. 134.
[31] Docket No. 136.

government timely responded on January 28, 2016.[33]  Defendant did not file a reply and the Magistrate Judge issued his report and recommendation on February 24, 2016, recommending the Court deny the remaining portions of Defendant's motion to suppress.[34]  Neither party objected, and the Court adopted the Magistrate Judge's report and recommendation on March 15, 2016.[35]  The Court excluded time from the filing of the motion to suppress through the date of the order.  The Court also directed the parties to contact the Magistrate Judge to set this matter for further proceedings.

On March 21, 2016, the parties discussed this matter with the Magistrate Judge.[36]  At that hearing, Defendant's counsel indicated to the Magistrate Judge that the parties were requesting a trial date six months out.  No specific findings under the Speedy Trial Act were made at the hearing and no Speedy Trial time was excluded.  The Magistrate Judge requested counsel file a motion, presumably a motion to continue.  However, counsel did not do so.

On March 28, 2016, the Court set this matter for trial to begin on June 9, 2016.  Nearly one month later, Defendant filed the instant Motion.  While Defendant's Motion requests dismissal, Defendant has not argued that the dismissal should be with prejudice.  In response, the government agrees that dismissal is required, but asserts that it should be without prejudice.  Defendant did not file a reply to the government's response and the time for doing so has passed.

---

[32] Docket No. 135.  This status conference was later vacated based on the Court's receipt of Defendant's brief.

[33] Docket No. 137.

[34] Docket No. 138.

[35] Docket No. 139.

[36] There is no docket entry of this hearing.  However, the Court has reviewed the audio recording of that proceeding.

## II.  DISCUSSION

The Speedy Trial Act requires "that a criminal trial commence within seventy days of the filing of the indictment or information or the defendant's appearance, whichever occurs last."[37] The parties here agree that the 70-day period set out in the Speedy Trial Act has been exceeded.

"If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant."[38] "While dismissal of the indictment is mandatory, the district court retains discretion to determine whether the indictment is dismissed with or without prejudice."[39]

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.[40]

Additionally, "[p]rejudice to the defendant is among the 'other' factors the text of § 3162 directs the district court to consider."[41]

---

[37] *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009); *see also* 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .").

[38] 18 U.S.C. § 3162(a)(2).

[39] *United States v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005).

[40] 18 U.S.C. § 3162(a)(2).

[41] *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006); *see also United States v. Williams*, 511 F.3d 1044, 1059–60 (10th Cir. 2007) ("[I]n determining whether to dismiss the case with or without prejudice, the district court should consider the following non-exclusive factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; (3) the impact of a re-prosecution on the administration of the Act and on the administration of justice; and (4) prejudice to [the defendant].").

"A violation of the speedy trial requirement, by itself, is not a sufficient basis for dismissal with prejudice."[42] Rather, "[d]ismissals with prejudice 'should be reserved for more egregious violations' of the Speedy Trial Act."[43] Considering these factors, the Court finds that dismissal with prejudice is not warranted in this case.

A.   SERIOUSNESS OF THE OFFENSE

The Court begins by considering the seriousness of the offense. "If the court determines the offense committed by the defendant is serious, this factor weighs in favor of dismissing without prejudice."[44] "'When the charges are serious, courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of a showing of prejudice.'"[45]

"One way the district court can measure the seriousness of an offense is by considering the length of sentence Congress has adopted for that offense."[46] Defendant is charged in the Superseding Indictment with possession of methamphetamine with intent to distribute, conspiracy to distribute methamphetamine, possession of stolen goods, and transportation of stolen goods. The drug-related offenses carry penalties of imprisonment of not less than ten years and up to life.[47] These are serious offenses.[48] Defendant's charges of possession of stolen

---

[42] *Abdush-Shakur*, 465 F.3d at 462.

[43] *United States v. Larson*, 627 F.3d 1198, 1211 (10th Cir. 2010) (quoting *Abdush-Shakur*, 465 F.3d at 462); s*ee also Cano-Silva*, 402 F.3d at 1035 ("The fact that a violation has taken place is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be reserved for more egregious violations.").

[44] *United States v. Saltzman*, 984 F.2d 1087, 1092–93 (10th Cir. 1993).

[45] *Id.* at 1093 (quoting *United States v. May*, 819 F.2d 531, 534 (5th Cir. 1987)).

[46] *United States v. Koerber*, 813 F.3d 1262, 1276 (10th Cir. 2016).

[47] 21 U.S.C. § 841(b)(1)(A).

goods and transportation of stolen goods carry penalties of up to ten years imprisonment.[49] These too are serious offenses.[50] Based upon these significant penalties Congress has adopted, the Court concludes that the charged offenses are serious. Therefore, this factor weighs in favor of dismissal without prejudice.

B.      FACTS AND CIRCUMSTANCES WHICH LED TO DISMISSAL

The Court next considers the facts and circumstances leading to dismissal. "In determining whether the facts and circumstances warrant dismissal with prejudice we focus on the culpability of the conduct that led to the delay."[51]

> Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy. Conversely, "[a] defendant who waits passively while the time runs has less claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention."[52]

There is no evidence to suggest that the delays in this case are attributable to intentional dilatory conduct or a pattern of neglect on the part of the government. The large majority of the delay appears to have resulted from a misunderstanding of the affect the Superseding Indictment would have on the Speedy Trial Act. Other delays are directly attributable to Defendant. Therefore, the Court finds this factor weighs in favor of dismissal without prejudice.

---

[48] *United States v. Williams*, 576 F.3d 1149, 1158 (10th Cir. 2009) (stating that "felony drug charges are generally treated as serious offenses").

[49] 18 U.S.C. §§ 2314–2315.

[50] *United States v. Duranseau*, 26 F.3d 804, 808 (8th Cir. 1994) (concluding that interstate transportation of stolen property is a serious offense under the Speedy Trial Act).

[51] *Cano-Silva*, 402 F.3d at 1036.

[52] *Saltzman*, 984 F.2d at 1093–94 (quoting *United States v. Fountain*, 840 F.2d 509, 513 (7th Cir. 1988)) (citation omitted).

8

C. IMPACT OF REPROSECUTION

The Court must also consider the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice. "In determining whether a dismissal with or without prejudice serves the administration of the Speedy Trial Act and of justice, a court should consider, among other factors, whether the delay caused by the Government was intentional and the prejudice suffered by the defendant from the Act's violation."[53]

Here, there is no evidence that any delay caused by the government was intentional. Further, as will be discussed, there is no evidence that Defendant has suffered any prejudice as a result of the violation. Thus, this factor weighs in favor of dismissal without prejudice.

D. PREJUDICE TO DEFENDANT

Finally, the Court considers any prejudice to Defendant. "The defendant has a burden under the Act to show specific prejudice other than that occasioned by the original filing."[54] "Absent a showing of appreciable prejudice to the defendant, a district court generally should dismiss serious charges without prejudice under § 3162(a)(2) unless the delay is extended and attributable to 'intentional dilatory conduct, or a pattern of neglect on the part of the Government.'"[55]

In this case, Defendant has pointed to no specific prejudice and it is difficult to imagine any exists. The violation here is not egregious. Further, at the March 21, 2016 hearing, defense counsel informed the Magistrate Judge that he needed an additional six months to prepare for

---

[53] *Williams*, 576 F.3d at 1159.

[54] *Saltzman*, 984 F.2d at 1094.

[55] *United States v. Rushin*, 642 F.3d 1299, 1304 (10th Cir. 2011) (quoting *Saltzman*, 984 F.2d at 1093).

trial.  Thus, by counsel's own calculations, trial would not occur until September 2016. As a result, Defendant cannot credibly argue that the violation of the Speedy Trial Act resulted in any prejudice.

Based on a consideration of all of the factors, the Court finds that dismissal without prejudice is appropriate.  Therefore, the Court will grant the Motion to Dismiss, but will do so without prejudice.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss Indictment Based on Speedy Trial Act Violation (Docket No. 145) is GRANTED.  The Indictment and Superseding Indictment are dismissed without prejudice as against this Defendant.

The trial date set for June 9, 2016, is STRICKEN.

DATED this 23rd day of May, 2016.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge